IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patrick Hopkins, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 1657 |
| Equable Ascent Financial, LLC, a Delaware limited liability company, and Weltman, Weinberg & Reis Co., L.P.A., an Ohio limited professional association, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Patrick Hopkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Patrick Hopkins ("Hopkins"), is a citizen of the State of Wisconsin, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank credit card, which was then allegedly owed to a bad debt buyer, Equable Ascent Financial, despite the fact that he was represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio and Pennsylvania, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Equable is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Weltman.

7. Defendant Equable and Weltman are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Equable and Weltman each conduct extensive and substantial business in Illinois.

8. Defendant Equable is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Equable acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Hopkins is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to Chase Bank. At some point in time, Defendant Equable bought Mr. Hopkins' Chase Bank debt, and when Equable began trying to collect the Chase Bank debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Specifically, Defendant Equable hired another debt collector, Tate & Kirlin Associates, to demand payment of the Chase Bank debt from Mr. Hopkins. Accordingly, on December 12, 2011, one of Mr. Hopkins' attorneys at LASPD informed Defendants, through Equable's agent, Tate & Kirlin Associates, that Mr. Hopkins was represented by counsel, and directed Equable to cease contacting him, and to cease all further collection activities because Mr. Hopkins was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Undeterred, Defendant Equable then had Defendant Weltman send Mr. Hopkins a collection letter, dated January 5, 2012, which demanded payment of the Chase Bank debt. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on January 13, 2012, Mr. Hopkins' LASPD attorney sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Hopkins' agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

4

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Hopkins was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Hopkins was represented by counsel, and had directed a cessation of communications with Mr. Hopkins (Exhibit C). By directly sending a collection letter to Mr. Hopkins (Exhibit D), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Patrick Hopkins, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hopkins, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patrick Hopkins, demands trial by jury.

                               Patrick Hopkins,

                               By: /s/ David J. Philipps
                               One of Plaintiff's Attorneys

Dated: March 7, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Lewis Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com